KAY GARNER, BY NEXT FRIEND, WILLIAM GARNER, C.I.D. 4492 v. RODETH
　　PRESSON WHITLEY, ORIGINAL DEFENDANT, AND GEORGE W. BOONE,
　　ADDITIONAL DEFENDANT.

AND

WELDON D. PATTERSON, BY NEXT FRIEND, RINZO W. PATTERSON, C.I.D.
　　4493 v. RODETH PRESSON WHITLEY.

AND

WILLIAM GARNER, C.I.D. 4496 v. RODETH PRESSON WHITLEY.

AND

RINZO W. PATTERSON, C.I.D. 4497 v. RODETH PRESSON WHITLEY,
　　ORIGINAL DEFENDANT, AND GEORGE W. BOONE, ADDITIONAL DEFENDANT.

(Filed 14 January, 1966.)

APPEAL by plaintiffs from *Latham, J.,* March 1965 Civil Session
of ALAMANCE.

Four civil actions to recover damages for personal injuries suf-
fered by plaintiffs in an automobile accident. They were consoli-
dated for trial.

Plaintiffs were guest passengers in an automobile operated by
one George W. Boone. The accident occurred about 8:30 P.M. 8
November 1962, on N. C. Highway 49 about 9 miles south of Bur-
lington in Alamance County. The highway runs generally north and
south and at the place of the accident it curves right for southbound
traffic, left for northbound traffic. The hardsurface is 18 feet wide.
There is an embankment to the west of the highway.

This is plaintiffs' account of the accident. Boone was driving
northwardly at a speed of 45 miles per hour. As he entered the
curve he saw the bright lights of defendant's car approaching from
the north and dimmed his lights. He was in his proper righthand
lane. Defendant's car was partially in the east (Boone's) lane and
ran head-on into Boone's car. The left fronts of both cars were ex-
tensively damaged, and plaintiffs were injured.

Defendant's version: Defendant was travelling south at a speed
of 45 to 50 miles per hour. She saw the bright lights of Boone's car
approaching from the south. She dimmed her lights but Boone failed
to dim his; his lights blinded her. When the Boone car was about
65 feet away she observed that it was in her (the west) lane of
travel. The embankment was on her right. She turned left, partially
into the east lane, and Boone pulled back into the east lane and the
cars collided.

Plaintiffs allege that defendant was negligent in that she was
driving recklessly, failed to reduce speed, failed to maintain control
and keep a proper lookout, failed to yield one-half of the highway.
Defendant alleges and contends that she was faced with a sudden

emergency and acted as an ordinarily prudent person would under the circumstances.

The jury found that plaintiffs were not injured by the negligence of defendant. Accordingly, judgments were entered in favor of defendant.

*Hines & Dettor for plaintiffs.*
*Cooper & Cooper for defendant.*

PER CURIAM. Plaintiffs contend that the judge erred in his instructions to the jury with respect to lookout, control and sudden emergency. We find these instructions in substantial compliance with the rules laid down by this Court. Plaintiffs further contend that the court erred in failing to charge with respect to reckless driving and the duty of defendant to decrease speed. These legal principles do not clearly apply to the evidence adduced. There is no evidence that defendant did or did not reduce speed. The only evidence of defendant's speed is her statement that she was travelling at 45 to 50 miles per hour. The speed limit was 55. The evidence is in sharp conflict as to which driver failed to dim lights and which was operating in the wrong lane of travel. The jury resolved these matters in favor of defendant and found that she, in the sudden emergency created by Boone's wrongful conduct, acted as an ordinarily prudent person would have acted under the circumstances. The verdict is supported by evidence.

No error.